UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL E. TINDALL,

        Plaintiff,

v.                                  CIVIL CASE NO. 05-73467
                                    HON. MARIANNE O. BATTANI

ONE 1973 FORD MUSTANG (VIN
3F03F139034), DAN CUNNINGHAM, GARY
GUTHRIE, and GUTHRIE, INC.,

        Defendants.

_____/

**OPINION AND ORDER GRANTING IN PART, AND DENYING
IN PART, DEFENDANTS' MOTION TO SET ASIDE DEFAULT
AND DEFAULT JUDGMENT AND DENYING PLAINTIFF'S MOTION
TO APPOINT RECEIVER AND ENTER GARNISHEE DEFAULT JUDGMENT**

**I.    INTRODUCTION**

Before the Court is Defendants' Motion to Set Aside Default and Default Judgment (Doc. #16), and Plaintiff's Motion to Appoint Receiver and Enter Garnishee Default Judgment (Doc. #18). Plaintiff filed suit, alleging, *inter alia*, that Defendants committed fraud and violated the Michigan Consumer Protection Act in the course of selling him a car via an online auction. Defendants failed to answer the Complaint or file an appearance with the Court. A default judgment was entered against Defendants on October 20, 2005. Defendants now seek to have the default and judgment against them set aside because they contend Plaintiff's claim was not for a sum certain, the Court lacks personal jurisdiction over them, and that other factors under FED. R. CIV. P. 60(b) warrant setting aside the judgment.

1

On October 28, 2004, Guthrie Inc., purchased a 1973 Ford Mustang in a lien sale for $500. On July 28, 2005, Dan Cunningham, on behalf of Guthrie and Guthrie Inc., listed a 1973 Ford Mustang for sale on eBay Motors. Various representations about the car's condition were made in the vehicle description portion of the listing. Defendants and the car were located in California.

Plaintiff was notified that he was the winning bidder of the online auction on August 4, 2005. The following day, Plaintiff wired $10,300 to Cunningham. After arranging for shipping, Plaintiff received the car on August 13th. The car did not have a certificate of title when delivered. Not satisfied with the lack of title, and believing that the vehicle description provided on eBay did not match the actual condition of the car, Plaintiff sought rescission of the transaction of August 14th, and tendered the car for return to Defendants. Unable to persuade Defendants to rescind the transaction, Plaintiff filed a Five-Count Complaint on September 8, 2005. Defendants were served on September 9, 2005. After failing to respond or appear, a default was entered against Defendants on October 6, 2005. On October 20th, a default judgment was entered against Defendants. On December 6, 2005, Defendants filed the instant motion set aside the default and default judgment.

## II.     STANDARD OF REVIEW

It is well established that "[r]espect for the finality of judgments is deeply engrained in our legal system." Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters, 675 F.2d 1349, 1354 (4th Cir. 1982). At the same time, "[n]o court system can function without safeguards against actions that interfere with its administration of justice." Demjanjuk v. Petrovsky, 10 F.3d 338, 352 (6th Cir. 1994). Our legal system provides several mechanisms by which a party may

challenge a judgment. This suit implicates FED. R. CIV. P. 55(c) and 60(b)'s provisions for relief from judgment. Rule 55(c) states that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b). Rule 60(b) grants the Court authority to set aside final judgments,

> . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

### III. ANALYSIS

#### A. The Court Will Not Set Aside the Default

Defendants contend that the default judgment is void because the Court lacked personal jurisdiction over them. "The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties." Ins. Corp. of Ireland, Ltd. v. Compagnie de Bauxites de Guinee, 456 U.S. 694, 701 (1982). Personal jurisdiction, "is 'an essential element of the jurisdiction of a district . . . court,' without which the court is 'powerless to proceed to an adjudication.'" Ruhrgas Ag v. Marathon Oil Co., 526 U.S. 574, 584 (1999)(quoting Employers Reinsurance Corp. v. Bryant, 299 U.S. 374, 382(1937)). Personal jurisdiction must be analyzed and established over each defendant independently. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475. "[P]ersonal jurisdiction analysis focuses on the 'fairness' of forcing a defendant to defend an action in a given forum, whereas the subject matter jurisdiction inquiry in a diversity case centers on whether a particular court is competent to hear

a controversy." Schwartz v. Electronic Data Sys., Inc., 913 F.2d 279, 294 n. 9 (6th Cir. 1990).

Because there has been no evidentiary hearing on the issue of personal jurisdiction, the Court must limit its inquiry to whether Plaintiff has established a "*prima facie* showing of jurisdiction." CompuServe, Inc. v. Patterson, 89 F.3d 1257, 1262 (6th Cir. 1996). The Court must draw all reasonable inferences and resolve all factual disputes in favor of Plaintiff as the party invoking the Court's jurisdiction. See Nationwide Mutual Ins. Co. v. Tryg Int'l Ins. Co., 91 F.3d 790 (6th Cir. 1996). Plaintiff asserts that the Court has limited personal jurisdiction over defendants Guthrie Inc., pursuant to Michigan's long arm statute, MICH. COMP. LAWS ANN. § 600.715, and defendants Cunningham and Guthrie pursuant to § 600.705. Michigan's long-arm statute extends "limited" jurisdiction over non-resident corporations, and provides that limited jurisdiction will exist between an individual or his agent and the forum state in claims "arising out of the act or acts which create [certain] relationships[,]" including "the [defendant's] transaction of any business within the state." Id. The "arising out of" requirement is satisfied if the cause of action was "made possible by" or "lies in the wake of" the defendant's contact with the forum." Lanier v. Am. Bd. of Endodontics, 843 F.2d 901, 909 (6th Cir. 1988), cert. denied, 488 U.S. 926 (1988). Moreover, "the transaction of any business. . . includes 'each' and 'every'. . . . [i]t comprehends the slightest." Serras v. First Tenn. Bank Nat. Ass'n,, 875 F.2d 1212, 1217 (6th Cir. 1989)(quoting Sifers v. Horen, 188 N.W.2d 623, 624 n. 2 (Mich. 1971)).

"Michigan has construed its [long-arm] statute to reach the broadest scope of jurisdiction consistent with due process safeguards." Hertzberg & Noveck v. Spoon, 681 F.2d 474, 478 (6th Cir. 1982) (citations omitted). Therefore, whether jurisdiction under Michigan's long-arm statute attaches in a particular case requires a determination of whether the exercise of limited

4

personal jurisdiction violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.  See Mich. Coaltion of Radioactive Material Users, Inc. v. Griepentrog, 954 F.2d 1174, 1176-77 (6th Cir. 1992)); see also Bridgeport Music, Inc. v. Still N The Water Pub., 327 F.3d 472, 477 (6th Cir. 2003) ("where the state long-arm statute extends to the limits of the due process clause, the two inquiries are merged and the court need only determine whether exercising personal jurisdiction violates constitutional due process").  Therefore, if the Due Process requirements have been met, then jurisdiction exists under Michigan's long-arm statute.

The Sixth Circuit has established a tripartite test to determine if jurisdiction over a defendant satisfies the Due Process Clause.  S. Mach. Co. v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir.1968).  The Southern Machine test provides:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state.  Second, the cause of action must arise from the defendant's activities there.  Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

As to the first prong, "purposeful availment . . . is present where the defendant's contacts with the forum state 'proximately result from actions by the defendant [itself] that create a "substantial connection" with the forum State.'" Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 889 (6th Cir. 2002) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)).  This purposeful availment requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." Calphalon Corp. v. Rowlette, 228 F.3d 718, 722 (6th Cir. 2000).  If it is shown that a defendant purposefully availed itself of the forum state, "the defendant can not defeat jurisdiction unless it

5

presents 'a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" Lanier, 843 F.2d at 910, quoting Burger King, 471 U.S. at 477.

Under the second prong, the requirement that Plaintiff's cause of action arises from Defendant's activities in the forum state should not be construed too strictly.  "Only when the operative facts of the controversy are not related to the defendant's contact with the state can it be said that the cause of action does not arise from that [contact]." S. Mach., 401 F.2d at 384 n. 29.  In other words, so long as the cause of action has "[a] substantial connection with defendant's in-state activities," it is not necessary that it formally arise from defendant's contacts with the forum.  See Third Nat'l. Bank in Nashville v. WEDGE Group, Inc., 882 F.2d 1087, 1091 (6th Cir. 1989) (quoting S. Mach., 401 F.2d at 384 n. 27).

Typically, if Plaintiff meets the first two prongs of the Constitutional test, an inference arises that the third element has been met as well.  See Bird, 289 F.3d at 875.  Nevertheless, courts look at several factors when examining this third element, such as "the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interests of other states in securing the most efficient resolutions of controversies." CompuServe, Inc., 89 F.3d at 1268.

"If the nonresident conducted business, committed a tort, or furthered a tortious scheme in the forum, even by way of phone call or written correspondence to the forum, personal jurisdiction is appropriate."  General Motors Corp. v. Ignacio Lopez de Arriortua, 948 F.Supp. 656, 663 (E.D. Mich. 1996)(Edmunds, J.).  By selling a car to a Michigan resident, Defendants have transacted business in the state, giving this Court personal jurisdiction over them because Plaintiff's claims arise out of that transaction.  Therefore, the default is not void because the

6

Court lacked personal jurisdiction over Defendants, and will not be set aside.

Nor have Defendants made any other showing sufficient to have the default set aside under the other enumerated factors in Rule 60(b).  The fact that Plaintiff and defendant Guthrie ostensibly reached a settlement agreement, that Plaintiff alleges Guthrie refused to complete, does not equate with excusable neglect in relation to filing an appearance or an answer to Plaintiff's complaint.  A settlement agreement that is merely tentative, and not yet executed, is not a judgment that has been satisfied, released, or discharged.  See FED. R. CIV. P. 60(b)(5).  Likewise, merely because Defendants believe the default judgment amount obtained by Plaintiff is excessive, does not weigh in favor of setting aside a default entered by this Court because Defendants failed, or were unwilling, to respond to a properly filed, and served, Complaint.  Therefore, Defendants motion to have the default set aside is DENIED.

      **B.**      **The Default Judgment Was Not For a Sum Certain**

A district court clerk can enter a default judgment only if "the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain."  FED. R. CIV. P. 55(b)(1).  Sum certain is defined as, "Any amount that is fixed, settled, or exact."  BLACK'S LAW DICTIONARY 1449 (7th ed. 1999).  Because Plaintiff's claim for damages was based, in part, on compensatory damages for potential lost profits, the amount of damages claimed is not settled, determined, or capable of calculation from the pleadings.  See In re Family Resorts of America, Inc., 972 F.2d 347 (Table), 1992 WL 174539 (6th Cir. 1992).  Therefore, the default judgment will be set aside, and a hearing will be scheduled to determine the amount of damages that will be awarded.

**IV.**    **CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Set Aside Default and Default Judgment is **GRANTED IN PART**, and **DENIED IN PART.  IT IS FURTHER ORDERED THAT** Plaintiff's Motion to Appoint Receiver and Enter Garnishee Default is **DENIED.**

        s/Marianne O. Battani
        MARIANNE O. BATTANI
        UNITED STATES DISTRICT JUDGE

DATED: May 16, 2006

### CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

        s/Bernadette M. Thebolt
        DEPUTY CLERK