UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL E. TINDALL,

    Plaintiff,

v.

ONE 1973 FORD MUSTANG (VIN
3F03F139034), DAN CUNNINGHAM, GARY
GUTHRIE, and GUTHRIE, INC.,

    Defendants.

CIVIL CASE NO. 05-73467
HON. MARIANNE O. BATTANI

_____/

**OPINION AND ORDER**

**I.**    **INTRODUCTION**

Plaintiff sued Defendants alleging, *inter alia*, that Defendants committed fraud and violated the Michigan Consumer Protection Act in the course of selling him a car via an online auction. Currently before the Court is the issue of damages - specifically, how much Plaintiff is entitled to recover in light of Defendants' default. Plaintiff seeks rescission damages, breach of warranty damages, out-of-pocket expenses, lost profit damages, exemplary damages, statutory conversion damages, costs, and attorneys' fees. Also before the Court are Plaintiff's motion for sanctions under FED. R. CIV. P. 11 and 28 U.S.C. § 1927 (Doc. #81), motion in limine to strike Defendants' expert witnesses and reports (Doc. # 101), and motion to strike any statements, testimony, evidence, exhibit, or reference that attempt to litigate liability (Doc. #116).

**II.**    **STATEMENT OF FACTS**

On October 28, 2004, Guthrie Inc., purchased a 1973 Ford Mustang at a lien sale in California for $500.00. On July 28, 2005, Dan Cunningham, on behalf of Guthrie and Guthrie Inc., listed the Mustang for sale on eBay Motors. At the time, Defendants and the car were located in California. Various representations about the car's condition were made in the vehicle description portion of the listing, along with over 100 posted photographs of the car.

Plaintiff was notified that he was the winning bidder of the online auction on August 4, 2005. The following day, Plaintiff wired $10,300.00 to Cunningham. After arranging for shipping, Plaintiff received the car on August 13th. The car did not have a certificate of title when delivered. Not satisfied with the lack of title, and believing that the vehicle description provided on eBay did not match the actual condition of the car, Plaintiff sought rescission of the transaction of August 14th, and tendered the car for return to Defendants. Unable to persuade Defendants to rescind the transaction, Plaintiff filed a Five-Count Complaint on September 8, 2005. Defendants were served on September 9, 2005. After failing to respond or appear, a default was entered against Defendants on October 6, 2005. On October 20th, a default judgment was entered against Defendants.

Defendants filed a motion set aside the default and default judgment on December 6, 2005. They asserted that Plaintiff's claim was not for a sum certain, that the Court lacked personal jurisdiction over them, and that other factors under FED. R. CIV. P. 60(b) warranted setting aside the judgment. The Court denied the request to set aside the default in a May 16, 2006, Opinion and Order. However, the Court did set aside the default judgment because it was not for a sum certain, and refused to appoint a receiver or enter a garnishee default judgment.

On March 20, 2007, the Court entered an order, in which it found that, even accepting all of Plaintiff's factual allegations as true, Plaintiff failed to plead a viable statutory conversion claim, thereby dismissing that claim.

An evidentiary hearing on the issue of damages was held on March 26. At the hearing, the parties agreed to submit their proofs to the Court in lieu of a jury trial. Also during the hearing, the Court dismissed Plaintiff's claim for lost profits because his claim for damages was too remote, contingent, and speculative. See Sutter v. Biggs, 139 N.W.2d 684, 686 (Mich. 1966). Moreover, the Court dismissed his request for future lost profits because the profits Plaintiff sought to recover arose from a collateral transaction, sale of the car to a third party five years hence, and there was nothing in Plaintiff's complaint that suggest such damages "were within the contemplation of the parties at the time they entered the agreement." Lawrence v. Will Darrah & Assocs., Inc., 516 N.W.2d 43, 45 (Mich. 1994). Nor were there any allegations that Plaintiff attempted to mitigate his damages. See King v. Taylor Chrysler-Plymouth, Inc., 457 N.W.2d 42, 46 (Mich. Ct. App. 1990); RESTATEMENT (SECOND) OF CONTRACTS § 350 (1981). Per stipulation of the parties at the March 26th hearing, the remaining issues before the Court are:1) the value of the car as of August 4, 2005; 2) whether Plaintiff may recover incidental and consequential damages under the Uniform Commercial Code; 3) whether attorneys' fees for collection are mandatory or discretionary under the Michigan Consumer Protection Act; 4) whether Plaintiff is entitled to recover the interest he paid on a line of credit to purchase the car; 5) whether Plaintiff is entitled to the Court Officer's fees; and, 6) whether Plaintiff is entitled to attorneys' fees under the Michigan Consumer Protection Act.

### III.     ANALYSIS

A.      Plaintiff's Motion to Strike

Plaintiff asks the Court to strike any statements, testimony, evidence, exhibit, or reference that attempt to litigate liability. To the extent that Plaintiff's complaint contains well-pleaded facts that establish his claims, Defendants may not contest liability because of their failure to answer Plaintiff's complaint. Therefore, the Court GRANTS Plaintiff's motion, and will not consider any statements, testimony, evidence, exhibit, or reference that contest liability of well-pleaded causes of action. Notwithstanding the admission of factual allegations in the complaint through default, Defendants may still challenge the amount of damages Plaintiff claims to have suffered. "'[T]he factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.' 10 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure*, § 2688 at 444 (2d ed. 1983) (citing Thomson v. Wooster, 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105 (1885))." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3rd Cir. 1990).

B.      Rescission Damages and Breach of Warranty of Title Damages

In his Cross Motion for Partial Summary Judgment, Plaintiff seeks to rescind the contract and receive the purchase price along with the cost of shipping. In addition he seeks breach of warranty damages, in which he asks for the difference between the market value of the car as described on eBay, and the actual value of the car, which he claims is less than $500.00.

To determine what damages Plaintiff may recover, the Court first looks to Plaintiff's complaint. In his complaint, Plaintiff requests monetary damages in three separate counts. In Count III, entitled "Recission [sic]; Restitution; Damages", Plaintiff appears to state an intentional misrepresentation claim. In the prayer for relief, he seeks a refund of the purchase

price, an order directing Defendants to take back the car, compensatory damages consisting of reimbursement for shipping, storage, and other costs, lost profits, and statutory conversion damages. In Count IV, Plaintiff states a claim for violation of the Michigan Consumer Protection Act, contending Defendants engaged in a pattern of fraudulent misrepresentation in connection with the sale of the car. In the prayer for relief, Plaintiff asks the Court to award unidentified compensatory damages, attorneys' fees, and unidentified exemplary and statutory damages. Finally, in Count V, Plaintiff alleges Defendants committed fraud as to the condition of the car, and the status of the car's title. In the prayer for relief, he asks the Court to rescind the transaction for the purchase price, and to order Defendants to reimburse him for all out-of-pocket expenses, compensatory damages including lost profits, exemplary and statutory damages, costs, and attorneys' fees.[1]

Federal Rule of Civil Procedure 54(c) states: "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."[2] See also Nat'l Disc. Corp. v. O'Mell, 194 F.2d 452, 456 (6th Cir. 1952) ("The rule was well settled even before the adoption of the Rules of Civil Procedure that in rendering a default judgment the Court can only give to the plaintiff such relief as was proper upon the face of the bill."); Ames v. STAT Fire Suppression, Inc., 227 F.R.D. 361, 362 (E.D. N.Y. 2005) (". . . Rule 54(c) limits the

---

[1] The Court has already ruled on the issue of lost profit and statutory conversion damages, and will not revisit these claims.

[2] "Of course, the court may award substantially less whenever the damage proceeding indicates that only a smaller award is warranted." 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2688 (3d ed. 1998).

damages recoverable by a plaintiff following a default judgment to the type and quantity of damages demanded in the complaint . . . .").

Plaintiff's complaint does not once request, or reference as a possible remedy, the difference between the value of the car as alleged and the market value of the car as advertised. Plaintiff does, however, pray that the Court order Defendants to refund the purchase price, take back the car, and allege that he has already rescinded the transaction. See Pl.'s Compl., at 7 para. 28, 31; pp. 11 para. 55; pp. 15, para. 69. Moreover, he alleges that the sale was illegal, invalid, and void *ab initio*. Id., at 8, para. 33A, 37, pp. 9, para. 38. He also cites numerous provisions of Michigan and California law that allows a party to rescind a contract if the contract was obtained through fraud and recover the purchase price. Id., at 10, paras. 44-50. The Court finds that Plaintiff's request for breach of warranty damages, in addition to rescission damages prayed for in his misrepresentation, fraud, and consumer act claims, is different in kind from, and exceeds the amount prayed for in, his complaint.[3] Accordingly, the Court finds Plaintiff is entitled to recover $11, 885.00 in rescission damages.[4]

**C. Incidental and Consequential Damages Under the UCC**

Plaintiff also seeks incidental and consequential damages under Michigan's version of the Uniform Commercial Code. He requests incidental damages for the cost of inspection of the car, and storage, care, and custody. Pl.'s Cross Motion for Partial Summ. J., at 3 (Doc. #86). He

---

[3] In light of this finding, the Court need not decide Plaintiff's Motion to Strike Defendants' Expert Witnesses and Reports.

[4] The $11,885.00 consists of $10,300.00 for the purchase price and $1,585.00 in shipping and related expenses.

also requests consequential damages that include loss of profits,[5] interest on a loan used to purchase the car, attorney's fees for collection of a default judgment, and an expert witness's fees. Id. "In a proper case any incidental and consequential damages under the next section may also be recovered." MICH. COMP. LAWS ANN. § 440.2714(3).

### 1. Incidental Damages

> Incidental damages resulting from the seller's breach include expenses *reasonably* incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach.

MICH. COMP. LAWS ANN. § 440.2715(1) (emphasis added). Plaintiff presented a bill from "Show & Go Customs" for a period through March 28, 2007, that covers towing, inspection, and storage. The bill totals $11,755.00. Show & Go Customs charges twenty dollars a day for storage. The Court finds that the expense incurred for storing a car Plaintiff claims is worth less than $500.00[6] is not reasonably incurred, and therefore, will not award Plaintiff the requested storage fees. The fees incurred for towing and inspection are reasonably incurred, and therefore, Plaintiff is entitled to $275.00 in incidental damages.

### 2. Consequential Damages

> (2) Consequential damages resulting from the seller's breach include
>     (a) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and
>     (b) injury to person or property proximately resulting from any breach of warranty.

---

[5] As noted above, the Court has already ruled that Plaintiff is not entitled to lost profits.

[6] Pl.'s Compl., at 5, para. 17, pp. 9, para. 42; pp. 15, para. 67, 68c.

MICH. COMP. LAWS ANN. § 440.2715(2).

Plaintiff seeks $9771.60 in court officer fees incurred from a court officer's "seizure" of the car. Those fees are governed by Michigan statute.

> If the person has seized property under an order for the seizure of property issued in an action in which a judgment is entered against the owner of the property, regardless of whether the judgment is entered before or after the order is issued, and if the judgment is satisfied prior to sale of the seized property by full payment of the judgment or settlement between the parties, 7% of the first $5,000.00 of the payment or settlement amount and 3% of the payment or settlement amount exceeding the first $5,000.00.

MICH. COMP. LAWS ANN. § 600.2559(i). The fees Plaintiff requests are based on the $297,320.00 default judgment that the Court set aside. Therefore, as Plaintiff has yet to receive an enforceable judgment, there is no basis for the Court to award Plaintiff's requested "seizure" fees under the Michigan statute.

In a similar vein, Plaintiff requests attorneys' fees incurred to collect on the default judgment that the Court set aside. The Court will not award attorneys' fees incurred to collect a judgment that was set aside as an element of consequential damages. See MICH. COMP. LAWS ANN. § 440.2714.

Next, Plaintiff requests the Court award him, as consequential damages, reimbursement for the interest he paid on the loan used to purchase the car. He cites MICH. COMP. LAWS ANN. § 600.6013(4) as the source of his request. That statute reads as follows:

> For a complaint filed on or after June 1, 1980, but before January 1, 1987, interest is calculated from the date of filing the complaint to the date of satisfaction of the judgment at the rate of 12% per year compounded annually unless the judgment is rendered on a written instrument having a higher rate of interest. In that case interest is calculated at the rate specified in the instrument if the rate was legal at the time the instrument was executed. The rate shall not exceed 13% per year compounded annually after the date judgment is entered.

MICH. COMP. LAWS ANN. § 600.6013(4). The Court fails to see how this statute provides a basis for awarding interest payments on a line of credit as consequential damages. Moreover, interest payments on a line of credit do not fall within the UCC's definition of consequential damages. Interest payments are neither a "loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise;" nor a loss resulting from "injury to person or property proximately resulting from any breach of warranty." MICH. COMP. LAWS ANN. § 440.2715(2). Further, there are no factual allegations in the complaint which support liability for such damages. See FED. R. CIV. P. 54(c). Because Plaintiff offers no other argument or authority for awarding such consequential damages, the Court finds Plaintiff is not entitled to recover the interest payments made on the line of credit used to purchase the car.

Likewise, Plaintiff's expert witness fees do not fall within the definition of consequential damages. However, the Court will award Plaintiff reimbursement for his expert witness fees under Federal Rule of Civil Procedure 54. "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; . . . ." FED. R. CIV. P. 54(d)(1). Expert witness fees are costs other than attorneys' fees which a prevailing party may recover. Therefore, Plaintiff may recover the cost for his expert witness.

### D. Attorney's Fees Under the Michigan Consumer Protection Act

An award of attorneys' fees is explicitly contemplated by the Michigan Consumer Protection Act. "Except in a class action, a person who suffers loss as a result of a violation of this act may bring an action to recover actual damages or $250.00, whichever is greater, together

with reasonable attorneys' fees." MICH. COMP. LAWS ANN. § 445.911. See also Head v. Phillips Camper Sales & Rental, Inc., 593 N.W.2d 595, 604 (Mich. Ct. App. 1999) ("A person who suffers a loss as a result of a violation of the MCPA may generally recover the greater of actual damages or $250, along with a reasonable attorney fee."). However,

> [t]he trial court retains the authority to award a reasonable fee, regardless of the actual attorney fee incurred by the plaintiff. Smolen v. Dahlmann Apartments, Ltd., 186 Mich.App. 292, 295, 463 N.W.2d 261 (1990). In determining a reasonable fee, the court must consider the special circumstances presented in an MCPA case. Jordan, supra at 99, 537 N.W.2d 471. The trial court should also consider the factors set forth in Crawley v. Schick, 48 Mich.App. 728, 737, 211 N.W.2d 217 (1973):
> (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expense incurred; and (6) the nature and length of the professional relationship with the client.
>
> The court, however, is not limited to considering the Crawley factors and may adjust an attorney's fee in light of the results of the proceedings.

Head, 593 N.W.2d 595, 604 (Mich. Ct. App. 1999).

In his Cross Motion for Summary Judgment, seeks $18,583.50 in attorneys' fees and costs. Plaintiff attested that he has worked fifty two hours as of February 9, 2007, at a professional rate of $350 an hour.[7] He asserts that this is his lowest standard billable rate, and that this rate is consistent with the 2003 Michigan State Bar Annual Survey of Law Firm Economics. However, because Plaintiff has not supplied a detailed accounting of his time, no information on the size of his firm, and was limited in success despite Defendants' default, the Court will not award Plaintiff the extraordinary billing rate he seeks. Rather, the Court will award Plaintiff $150.00 per hour, which is the standard rate the Court awards without supporting

---

[7] This is the top billing rate listed for equity partners in the 2003 Michigan State Bar Annual Survey of Law Firm Economics.

documentation, for fifty two hours for the entire case. Accordingly, the Court awards Plaintiff $7,800.00 in attorneys' fees.

### E. Plaintiff's Motion For Sanctions

Finally, Plaintiff asks the Court to sanction defense counsel for filing intentionally false and misleading motions to delay and multiply the proceedings. However, the Court finds that Defendants' actions do not rise to the level of a violation of Federal Rule of Civil Procedure 11, and therefore declines to sanction defense counsel.

## IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Judgment be entered in Plaintiff's favor in the amount of $12,160.00. **IT IS FURTHER ORDERED** that Plaintiff be awarded $3,100.00 in costs, and $7,800.00 in attorneys' fees. **IT IS FURTHER ORDERED** that Plaintiff shall release the car in question to Defendants forthwith.

**IT IS SO ORDERED.**

                                        s/Marianne O. Battani
                                        MARIANNE O. BATTANI
                                        UNITED STATES DISTRICT JUDGE

DATED: July 16, 2007

## CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt  
DEPUTY CLERK